FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 15 2018

JAMES W. McCORMACK, CLERK
.By:_____
                    DEP CLERK

In the United States District Court
Eastern District of Arkansas
Western Division

Brittany N. Smith                                                    Plaintiff

v.          Case No. 4:18-cv-853-BRW

Southern Service Systems, Inc.                              Defendant

This case assigned to District Judge **Wilson**
and to Magistrate Judge **Deere**

## Complaint

1. Defendant Southern Service Systems, Inc., mailed a collection letter for Plaintiff Brittany N. Smith's debt to her mother's home, which violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Arkansas Fair Debt Collection Practices Act, ("AFDCPA"), Ark. Code Ann. § 17-24-501, *et seq.*

### Jurisdiction

2. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1367, and 15 U.S.C. § 1692k(d).

3. This action arises out of Defendant's violations of the FDCPA, 15 U.S.C. § 1692, *et seq.*, and the AFDCPA, Ark. Code Ann. § 17-24-501, *et seq.*, in its illegal efforts to collect a consumer debt from Brittany N. Smith.

4. Venue is proper in this District because the acts and transactions occurred here, Brittany N. Smith resides here, and Defendant transacts business here.

5. Defendant has transacted business within Arkansas by attempting to collect this debt from Brittany N. Smith, while she was located within and permanently residing within Arkansas.

## Parties

### *Brittany N. Smith*

6. Brittany N. Smith is a citizen of Arkansas, residing in Pulaski County, Arkansas.

7. Brittany N. Smith is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ark. Code Ann. § 17-24-502(2).

### *Southern Service Systems, Inc.*

8. Defendant Southern Service Systems, Inc. (Southern Serv. Sys.) is a domestic for profit corporation organized under Arkansas law, operating from 11518 Fairview Drive, Little Rock, AR 72212.

9. Southern Ser. Sys. does business as Southern Collection System and has registered Southern Collection System as a fictitious name with the Arkansas Secretary of State.

10. Southern Ser. Sys. is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

11. The term "debt collector" has two prongs:

   a. any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts; or

    b.    any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.[1]

12. Southern Serv. Sys. uses instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts.

13. Southern Serv. Sys. regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed to another, including Arkansas Fertility & Gynecology.

### Factual Allegations

14. Within one year immediately preceding the filing of this pleading, Southern Serv. Sys. attempted to collect from Smith a financial obligation primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Ark. Code Ann. § 17-24-502(4), namely a Arkansas Fertility & Gynecology account for past due medical bills.

15. Arkansas Fertility & Gynecology retained Southern Serv. Sys. to collect past due medical bills from Smith.

16. Smith listed her address with Arkansas Fertility & Gynecology, as 713 Ellen Drive, North Little Rock, AR 72117.

---

[1] 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

17. Southern Serv. Sys., however, sent a collection letter to 5627 Applewood Drive, North Little Rock, AR 72118 (the 5627 Applewood Drive Address), where Smith's mother resides.

18. The collection letter stated the amount of Smith's debt was $739.17 and demanded that amount be paid in full.

19. Smith has never resided at the 5627 Applewood Drive Address.

20. Smith never listed the 5627 Applewood Drive Address at Arkansas Fertility & Gynecology.

21. While visiting her mom at the 5627 Applewood Drive Address, Smith discovered the collection letter.

22. Smith was embarrassed and humiliated that her mom was informed about her past due medical bills.

23. After learning of the collection letter sent to her mom, Smith obtained her medical billing records from Arkansas Fertility & Gynecology, which show that she had a total of $157.08, in past due bills, not the $739.17 Southern Serv. Sys. alleged she owed in the collection letter.

24. The $739.17 is more than four times the amount Smith actually owed Arkansas Fertility & Gynecology.

25. Southern Serv. Sys.' illegal attempts to collect a debt from Smith by mailing the collection letter to the 5627 Applewood Drive Address and demanding payment of $739.17 when Smith only owed $157.08 violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(2), 1692c(b), 1692d, 1692e, 1692e(2),

1692e(10), 1692f, and 1692f(1), the AFDCPA, including but not limited to Ark. Code Ann. §§ 17-24-503(1), 17-24-503(2), 17-24-504(b), 17-24-505(a), 17-24-506(a), 17024-506(b)(2), 17-24-506(b)(10), 17-24-507(a), and 17-24-507(a)(1).

### *Summary*

26. Southern Serv. Sys.' disclosure of Smith's debt to her mom by mailing the collection letter and attempts to collect an amount of money Smith did not owe were unfair and deceptive attempts to collect a debt, which materially misled Smith as to her rights under the FDCPA and the AFDCPA, and which affected Smith's ability to intelligently respond to Southern Serv. Sys.' collection efforts.

27. The communications as alleged herein by Southern Ser. Sys. and the employees of agents of Southern Ser. Sys., constitute false and deceptive communications made in violation of numerous and multiple provisions of the FDCPA and the AFDCPA including but not limited to the provisions cited, amongst others.

### *Respondeat Superior Liability*

28. The acts and omissions of debt collectors employed as agents by Southern Serv. Sys., who communicated Smith's mom, were committed within the time and space limits of their agency relationship with their principal, Southern Serv. Sys.

29. The acts and omissions by these debt collectors were incidental to, or of the same general nature as, the responsibilities these agents could perform by Southern Serv. Sys. in collecting consumer debts.

30. By committing these acts and omissions against Smith, these debt collectors were motivated to benefit their principal, Southern Serv. Sys.

31. Southern Serv. Sys. is therefore liable to Smith.

## Standing

32. Smith has standing under Article III of the United States Constitution because she has suffered an injury in fact, the injury in fact is traceable to the challenged conduct of Southern Serv. Sys., described herein, and his injury in fact is likely to be redressed by a favorable judicial decision in this Court.

33. Smith's injury in fact is both particular and concrete because he suffered an invasion of a legally protected interest that is concrete, particularized and actual or imminent.

34. Many provisions of the FDCPA and the AFDCPA recognize a consumer's rights and redress for violations of those rights, including the right to privacy about their financial affairs and the right not have their financial information disclosed to others, including their family members.[2]

---

[2] 15 U.S.C. §§ 1692c(a)(3) (restricts calls to consumer's work place), 1692c(b) (generally prohibits debt collector calls to friends, parents, children, other relatives, neighbors, and employers), 1692d(3) (prohibits the publication of shame lists on consumers alleged to be refusing to pay debts), 1692f(8) (prohibits debt collectors from placing debt collection information on post cards and envelopes), 1692b (provides a narrow exception to the

6

35. Violations of these privacy-provisions of the FDCPA and the AFDCPA invaded Smith's privacy and interfered with her family relationships.

36. Additionally, the privacy rights recognized by the FDCPA and the AFDCPA have a "close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts."[3]

37. Almost all states, including Arkansas, recognize invasion of privacy as a common law tort.[4]

38. The FDCPA's strong limitations on debt collectors' third-party contacts were "extremely important" to congressional lawmakers and consumers:

> [T]his legislation adopts an extremely important protection ... it prohibits disclosing the consumer's personal affairs to third persons. Other than to obtain location information, a debt collector may not contact third persons such as a consumer's friends, neighbors, relatives or employer. Such contacts are not legitimate debt collection practices and result in serious invasions of privacy, as well as loss of jobs.[5]

---

prohibition of third-party contact by allowing limited contacts that are only for the purposed of obtaining the consumer's location information).

[3] *Spokeo, Inc. v. Robins*, ___ U.S. ___, 136 S. Ct. 1540, 2016 WL 2842447, at *7 (May 16, 2016).

[4] *Dodrill v. Arkansas Democrat Co.*, 265 Ark. 628, 590 S.W.3d 840 (1979) (adopting the Restatement (Second) of Torts, which delineates four separate torts grouped under "invasion of privacy").

[5] S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696.

39. Congress identified invasions of privacy, such as the one suffered by Smith, as a legally cognizable harm as it enacted multiple provisions of the FDCPA to protect consumers' privacy and relationships.

40. Congress stated in the FDCPA's findings and declaration of purpose that:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.[6]

41. Smith has standing because she suffered actual damages, including garden-variety emotional distress, embarrassment, and humiliation after learning that her mom knew about her past due medical bills.

42. The FDCPA and the AFDCPA recognize a consumer's rights and redress for violations of those rights, including the right to be free from collection efforts that attempt to collect fees not authorized by a consumer's agreement with her creditor or by law.

43. Specifically, violations of 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) represents the United States Congress' judgment that such injuries will confer standing.

44. The risk of future harm from false representations of the amount of the debt includes overpayment, incurring legal fees, inaccurate credit reports, and harms from decreased credit scores.

---

[6] 15 U.S.C. § 1692(a).

45. 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) and Ark. Code Ann. §§ 17-24-506(b)(2) and 17-24-507(a)(1) provide consumers the congressionally established right to accurate information about a debt in collection alleged to be theirs.

46. Many courts have considered overstatements about the amount of a debt to be material under any standard.[7]

## Causes of Action

### *Count I – Violations of the FDCPA, 15 U.S.C. § 1692, et seq.*

47. Smith incorporates by reference the above paragraphs as though stated herein.

48. The foregoing acts and omissions of Southern Serv. Sys. and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692b(1), 1692b(2), 1692c(b), 1692d, 1692e, 1692e(2)(A), 1692e(10), 1692f, and 1692f(1), with respect to Smith.

49. As a result of Southern Serv. Sys.' violations of the FDCPA, Smith is entitled to actual damages under 15 U.S.C. §1692k(a)(1); statutory damages up to $1,000.00 under 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs under 15 U.S.C. § 1692k(a)(3), from Southern Serv. Sys.

---

[7] *See e.g. Powell v. Palisades Acquisitions XVI, L.L.C.*, 782 F.3d 119 (4th Cir. 2014) (holding that debt buyer's overstatement of more than 50 percent of the total debt, excluding interest, was material under any standard).

*Count II – Violations of the AFDCPA, Ark. Code Ann. § 17-24-501, et seq.*

50. Smith incorporates by reference the above paragraphs as though stated herein.

51. The foregoing acts and omissions of Southern Serv. Sys. and its agents constitute numerous and multiple violations of the AFDCPA including, but not limited to, including but not limited to Ark. Code Ann. §§ 17-24-503(1), 17-24-503(2), 17-24-504(b), 17-24-505(a), 17-24-506(a), 17-24-506(b)(2), 17-24-506(b)(10), 17-24-507(a), 17-24-507(a)(1), regarding Smith.

52. As a result of Southern Serv. Sys.' violations of the AFDCPA, Smith is entitled to actual damages under Ark. Code Ann. § 17-24-512(a)(1); statutory damages up to $1,000.00 under Ark. Code Ann. § 17-24-512(a)(2)(A); and reasonable attorney's fees and costs under Ark. Code Ann. § 17-24-512(a)(3)(A), from Southern Serv. Sys.

## Jury Demand

53. Smith demands a trial by jury.*

## Prayer for Relief

54. Smith prays that judgment be entered against Southern Serv. Sys. as follows:

---

* U.S. Const. amend. 7 and Fed. R. Civ. P. 38.

a. for an award of actual damages under 15 U.S.C. § 1692k(a)(1), and Ark. Code Ann. § 17-24-512(a)(1), against Southern Serv. Sys. and for Smith;

b. for an award of statutory damages of $1,000 under 15 U.S.C. § 1692k(a)(2)(A), against Southern Serv. Sys. and for Smith;

c. for an award of statutory damages of $1,000 under Ark. Code Ann. § 17-24-512(a)(2)(A), against Southern Serv. Sys. and for Smith;

d. for an award of costs of litigation and reasonable attorneys' fees under 15 U.S.C. § 1692k(a)(3), and Ark. Code Ann. § 17-24-512(a)(3)(A) against Southern Serv. Sys. and for Smith; and

e. for such other and further relief as may be just and proper.

By: _____
Corey D. McGaha
Ark. Bar No. 2003047
William T. Crowder
Ark. Bar No. 2003138
CROWDER MCGAHA, LLP
5507 Ranch Drive, Suite 202
Little Rock, AR 72223
Phone (501) 205-4026
Fax: (501) 367-8208
cmcgaha@crowdermcgaha.com
wcrowder@crowdermcgaha.com

## Southern Collection System
11518 Fairview Drive
P. O. Box 25006
Little Rock, AR 72221-5006
501-225-3802
800-537-0136

---

1/15/2018

SMITH, BRITTANY N
5627 APPLEWOOD DR

N LITTLE ROCK, AR 72118-3661

Account #: ▮▮▮▮▮▮                                    Amount of debt: $739.17
Owed to: ARKANSAS FERTILITY        Client #: ▮▮▮▮▮▮
        AND GYNECOLOGY
        9101 KANIS ROAD, STE 300
        LITTLE ROCK, AR 72205

We cannot understand your failure to respond to our previous requests concerning your past due account. Over 30 days have lapsed and you have failed to either dispute the validity of this account, or make any arrangements for payment.

Since you have given no reason for your failure to pay, and due to the length of time which has lapsed, we must insist that your account be paid in full. Payment should be made within the next ten day period to www.southerncollect.com or mail to:

Southern Collection System
11518 Fairview Drive
P. O. Box 25006
Little Rock, AR 72221-5006

If you are unable to mail your payment you must at least make arrangements for the eventual full payment of your debt. Please call your account manager at (501)225-3802 or (800)537-0136.

Respectfully,


Kathy Mills  Ext. 1720
Account Manager


This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

```
Complaint: Exhibit 1
```

## Verification

State of Arkansas )
County of Pulaski )

Under 28 U.S.C. § 1746, Plaintiff Brittany N. Smith, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil action.

2. I have read the foregoing Complaint prepared by my attorneys.

3. I believe that all of the facts contained in the Complaint are true, to the best of my knowledge, information, and belief formed after a reasonable inquiry.

4. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

5. I believe that this Complaint is not interposed for any improper purpose, such as to harass any named Defendant, cause unnecessary delay to any named Defendant, or create a needless increase in the cost of litigation to any named Defendant.

6. All of the Exhibits are true and correct copies of documents received by me through the U.S. Mail or obtained by my attorney on my behalf. Redactions of account numbers on the exhibits is to comply with Fed. R. Civ. P. 5.2.

7. I have filed this Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

This 11 day of November, 2018.

*Brittany N. Smith*
Brittany N. Smith